COMMONWEALTH *vs.* DAVIS LOCKE.

Middlesex.   November 26, 1888. — December 3, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Lease — Evidence.*

At the trial, on appeal, of a complaint on the Pub. Sts. c. 101, §§ 6, 7, for keeping a common nuisance, it appeared that the defendant was the proprietor of a hotel, in which was the tenement in question, consisting of a bar-room connected by an interior door with the rest of the hotel and with the office by an electric bell; and that the defendant had formerly run the bar-room, in which liquors were found, under a license.   The defendant's testimony, that, before the time alleged, he had leased the bar-room to his former bar-keeper, who thereupon entered into possession and kept it until about the time of bringing the complaint, when he disappeared, was not corroborated, and the lease, then for the first time offered by him in evidence, received no other support.   Several officers testified that they had seen the defendant about the bar-room during the

time covered by the complaint, and had never heard of the lease, or that the bar-keeper had become the lessee. *Held*, that the evidence was sufficient to warrant a belief that the lease was merely colorable, and, if so, the defendant was the keeper of the bar-room.

COMPLAINT, alleging that the defendant kept and maintained a common nuisance, to wit, a certain tenement in Cambridge used for the illegal sale and illegal keeping for sale of intoxicating liquors, from September 1, 1887, to February 1, 1888.

At the trial in the Superior Court, on appeal, before *Thompson*, J., there was evidence that the defendant was the proprietor of Porter's Hotel, in Cambridge ; that the tenement in question was a bar-room in the hotel, which could be entered from the hotel by an interior door, and had been connected for several years with the hotel office by an electric bell ; that on January 31, 1888, certain officers found in the bar-room, in the defendant's absence, a small quantity of intoxicating liquors, a key to the room being furnished to the officers by one Coombs ; and that before May 1, 1887, the defendant had run the bar-room in connection with the hotel, under a license. The defendant testified, that on June 30, 1887, he leased the bar-room and fixtures to Coombs, who had been his bar-keeper ; that Coombs thereupon began to occupy the bar-room, and continued to occupy it until about the time of bringing the complaint, when he disappeared ; and that during the time alleged he had no control over the bar-room or its contents, and no interest of any kind in any business carried on there. The lease, which was then for the first time put in evidence, was supported only by the uncorroborated testimony of the defendant. Several officers, called as witnesses by the government, testified to seeing the defendant around the premises on many occasions during the time covered by the complaint, and that they had never heard or been informed by any one that Coombs kept the bar-room or had leased it. The government contended that on the evidence the lease was merely colorable, and that the defendant was the real keeper of the bar-room. The judge refused to rule, as requested by the defendant, that there was not sufficient evidence, as matter of law, to warrant the jury in finding that the defendant was guilty.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge & D. F. Fitz,* for the defendant.

*A. J. Waterman,* Attorney General, *& H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

C. ALLEN, J.   We think the evidence was sufficient to warrant a belief that the lease was merely colorable, and, if so, that the defendant was the keeper of the bar-room.   The argument addressed to us relates merely to the weight of the evidence, and involves no question of law except as to its sufficiency.

*Exceptions overruled.*